IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Osornio, | No. CV-20-00505-PHX-DMF |
| Plaintiff, | **ORDER** |
| v. | |
| Geico, | |
| Defendant. | |

Pending before the Court is a Report and Recommendation (Doc. 10) by Magistrate Judge Deborah M. Fine, recommending that Plaintiff Angel Osornio's Complaint (Doc. 1) be dismissed without prejudice for lack of subject matter jurisdiction and that Plaintiff's Motion for Service of the Complaint by the United States Marshal's Service (Doc. 3) be denied without prejudice. After considering both the Report and Recommendation and the arguments raised in Plaintiff's objections, the Court issues the following ruling.

I.   **STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, the Court "shall make a de novo determination of those portions of the report…to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

Rule 72(b)(3) requires a district judge to review de novo those portions of the Report

and Recommendation that have been "*properly* objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). A proper objection requires "*specific written objections* to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). An ineffective, general objection has the same effect as a failure to object. Warling v. Ryan, CV 12-01396-PHX-DGC (SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013). Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

## II.   DISCUSSION

Plaintiff filed a pro se complaint on March 10, 2020. (Doc. 1.) Thereafter, Plaintiff filed an Application to Proceed In Forma Pauperis (Doc. 2), and the Magistrate Judge granted Plaintiff in forma pauperis status (Doc. 9). The Magistrate Judge screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation, recommending that the Court dismiss this matter without prejudice for lack of subject matter jurisdiction. (Doc. 10 at 2, 9.) On April 20, 2020, Plaintiff filed three documents: (1) Motion to Appeal Judgment and Rule 60 Relief from a Judgment (Doc. 11); (2) Motion to Appeal Judgment and Rule 60 Relief from Judgment (Doc. 12); and (3) Motion for Reconsideration Regarding Misdemeanor Hit and Run A.R.S. § 28-662 (Doc. 13). Then, on May 11, 2020, Plaintiff filed with the District Court a Motion to Appeal to the Ninth Circuit Clerk. (Doc. 14.) On May 14, 2020, Plaintiff filed with the Ninth Circuit a Notice of Appeal from a Judgment or Order of a United States District Court. See Osornio v. Geico, No. 20-15924 (9th Cir. May 14, 2020), ECF No. 1.

Prior to ruling on the pending Report and Recommendation, the Court first addresses several procedural issues that have arisen as a result of Plaintiff's filings. First, although denominated "Motions to Appeal Judgment and Rule 60 Relief from a Judgment" (Docs. 11; 12), in reality, the filings are objections to the Magistrate Judge's Report and Recommendation. These filings are properly before the District Court for consideration. The Motion for Reconsideration (Doc. 13), however, is not properly before the District

Court. Instead, the Motion for Reconsideration (Doc. 13) is before Magistrate Judge Fine for review. Last, while Plaintiff's appeal to the Ninth Circuit normally would deprive the Court of jurisdiction over this matter, it appears as though Plaintiff's appeal was improvidently filed. See Fed. R. App. P. 4(a)(1). Accordingly, the Court will rule on the pending Report and Recommendation (Doc. 10), along with the objections that are properly before the Court (Docs. 11; 12), without awaiting an opinion from the Ninth Circuit.

In objecting to the Report and Recommendation, Plaintiff states: "I would like this case to be appealed and this case needs to be considered and taken seriously. I have provided the proper evidence and need this to be appealed." (Doc. 11 at 1.) In addition, Plaintiff states: "This Defendant is liable for a Hit and Run and needs to pay for not cooperating with me or the police at the time of the incident. This is considered a misdemeanor and I would like to be paid for there [*sic*] inappropriate behavior." (Doc. 12 at 2.) However, these objections are improper because they do not point to any specific flaws in the Magistrate Judge's legal analysis in the Report and Recommendation, as required by Rule 72(b)(2). Nevertheless, the Court conducted de novo review of all the factual analysis contained in the Report and Recommendation and, after thorough consideration, concurs in whole with the Magistrate Judge's findings that this matter should be dismissed for lack of subject matter jurisdiction.

A complaint must be dismissed if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of establishing jurisdiction. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A federal court has jurisdiction over cases that involve either a federal question or a significant controversy between citizens of different states. See 28 U.S.C. §§ 1331, 1332. A court has federal question jurisdiction over all civil actions that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A court has diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. See 28 U.S.C. § 1332.

The Complaint fails to provide a basis for the Court's jurisdiction over this matter. First, Plaintiff fails to cite to or name any federal law to support Plaintiff's assertion that the Court has federal question jurisdiction over this matter. Plaintiff cites A.R.S. § 28-662 as a basis for the Court's jurisdiction; however, A.R.S. § 28-662 is a state law negligence statute and does not provide the Court with federal question jurisdiction. In addition, Plaintiff fails to provide a basis for diversity jurisdiction. Plaintiff alleges in the Complaint that both Plaintiff and Defendant are citizens of Arizona; thus, this matter lacks complete diversity. Moreover, and as Magistrate Judge Fine noted, the Court is concerned with whether Plaintiff's demand for $120,000 was actually made in good faith. Accordingly, the Court finds that Plaintiff failed to establish the Court's subject matter jurisdiction.[1]

### III.   CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED adopting** the Report and Recommendation of the Magistrate Judge (Doc. 10).

**IT IS FURTHER ORDERED dismissing without prejudice** the Complaint (Doc. 1) and **directing** the Clerk of Court to terminate this matter in its entirety.

**IT IS FURTHER ORDERED denying without prejudice** Plaintiff's Motion for Service of the Complaint by the United States Marshal's Service (Doc. 3).

**Dated** this 21st day of May, 2020.

Honorable Stephen M. McNamee
Senior United States District Judge

---

[1] The Court adds that Plaintiff is familiar with the requisite pleading standards of the Federal Rules of Civil Procedure and the Local Rules for the District Court for the District of Arizona as Plaintiff filed five cases in this district in the past year. See Osornio v. Arizona, No. 3:20-cv-08054-JJT-MHB (D. Ariz. Mar. 10, 2020) ECF No. 1; Osornio v. Geico, 2:20-cv-00505-DMF (D. Ariz. Mar. 10, 2020), ECF No. 1; Osornio v. Mayo Clinic, No. 2:20-cv-00199-SPL (D. Ariz. Jan. 28, 2020), ECF No. 1; Osornio v. Mountain Heart, No. 3:20-cv-08024-DJH (D. Ariz. Jan. 28, 2020), ECF No. 1; Osornio v. Comm'r of Social Sec. Admin., No. 3:19-cv-08267-GMS (D. Ariz. Sept. 16, 2019), ECF No. 1.